## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EVAN KRAUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-6455 |
| | ) | |
| CAPUTO'S NEW FARM PRODUCE, | ) | |
| INC. d/b/a CAPUTO'S FRESH | ) | JURY TRIAL DEMANDED |
| MARKETS, CAPUTO'S NEW FARM | ) | |
| PRODUCE – NAPERVILLE, INC., | ) | |
| ROBERTINO PRESTA, SR., and | ) | |
| ANTONELLA PRESTA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Evan Krause ("Plaintiff" or "Krause"), by and through his counsel, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, against Defendants Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets, Caputo's New Farm Produce – Naperville, Inc., Robertino Presta, Sr., and Antonella Presta (collectively, "Defendants"), and alleges upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief and based upon the investigation made by his counsel as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendants' systematic wrongful classification of Plaintiff as exempt from the overtime compensation requirements of the FLSA and IMWL.

2.      This action seeks to remedy Defendants' illegal practices, whereby Defendants deliberately and uniformly deprived Plaintiff of earned overtime wages in violation of the FLSA and IMWL.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

4.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**PARTIES**

7.      Plaintiff Evan Krause is an adult citizen and resident of Illinois who worked for Defendants as a full-time, salaried employee from approximately May 2010 to approximately June 2014. In June 2014, Plaintiff was promoted to Maintenance Director. Plaintiff worked in that position until September 4, 2018.

8.      During the relevant time period, Krause was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS 105/3(d).

9.      Defendant Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets is an Illinois corporation registered to do business in the State of Illinois and headquartered at 520 East North Avenue, Carol Stream, Illinois. At all relevant times, Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS 105/3(c). Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets is

2

covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A) and has employees engaged in commerce and revenue that exceeds $500,000.00.

10.     Defendant Caputo's New Farm Produce – Naperville, Inc., is an Illinois corporation registered to do business in the State of Illinois and headquartered at 520 East North Avenue, Carol Stream, Illinois. At all relevant times, Caputo's New Farm Produce – Naperville, Inc. was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS 105/3(c). Caputo's New Farm Produce – Naperville, Inc. is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A) and has employees engaged in commerce and revenue that exceeds $500,000.00.

11.     Defendant Robertino Presta, Sr., is the President, owner, and operator of Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets. At all relevant times, Robertino Presta, Sr., has been involved in the day-to-day business operation of Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets, has exercised operational control over Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets, and has controlled significant business functions of Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets, including but not limited to determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts and acting for Caputo's New Farm Produce, Inc. d/b/a Caputo's Fresh Markets to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action. Robertino Presta, Sr., is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS 105/3(c).

12.     Defendant Antonella Presta is the President, owner, and operator of Caputo's New Farm Produce – Naperville, Inc. At all relevant times, Antonella Presta has been involved in the day-to-day business operation of Caputo's New Farm Produce – Naperville, Inc., has exercised

operational control over Caputo's New Farm Produce – Naperville, Inc., and has controlled significant business functions of Caputo's New Farm Produce – Naperville, Inc., including but not limited to determining employee salaries, making hiring decisions, controlling corporate checking and payroll accounts and acting for Caputo's New Farm Produce – Naperville, Inc. to devise, direct, implement and supervise the wage and hour policies and practices challenged in this action. Antonella Presta is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS 105/3(c).

## FACTUAL ALLEGATIONS

13.     Plaintiff Evan Krause worked for Defendants servicing refrigeration for all eight Caputo's Fresh Markets locations.

14.     Plaintiff reported directly to his supervisor Luigi Addante. Plaintiff also reported to Defendants' Director of Operations, Sam Fantauzzo, and Defendant Robertino Presta, Sr.

15.     Plaintiff typically started his day at Caputo's New Farm Produce – Naperville, Inc., or Caputo's New Farm Produce, Inc. headquarters, where he would clock in.  On most days, Plaintiff worked out in the field "turning a wrench" and servicing refrigeration units in Defendants' stores. When he was not working in the field, Plaintiff would work at Caputo's New Farm Produce, Inc. headquarters, where he performed administrative tasks such as filling out paperwork related to maintenance requests, researching prices for new equipment, and ordering parts or equipment after receiving approval from management.

16.     Plaintiff spent approximately 80% of his time performing manual maintenance labor including repairing refrigeration units in various Caputo's Fresh Markets stores. Plaintiff spent approximately 15% of his time ordering parts and equipment, and 5% of his time filling out paperwork related to maintenance requests.

17.     Plaintiff was not permitted to call in outside vendors to perform work or make repairs on building maintenance issues such as sprinkler systems, plumbing, electrical, or landscaping. Instead, Plaintiff's supervisor, Luigi Addante, called in the outside vendors to make repairs. If Plaintiff wanted to call in an outside vendor, he had to get approval from Luigi Addante.

18.     Plaintiff did not customarily and regularly manage Defendants' enterprise or the work of two or more other employees. Plaintiff did not have the authority to hire or fire other employees, nor were his suggestions or recommendations regarding the hiring, firing, advancement, or promotion of other employees given particular weight.

19.     Plaintiff's primary duty did not include the performance of office or non-manual work directly related to the management or general business operations of Defendants, nor did it include the exercise of discretion and independent judgment with respect to matters of significance.

20.     Plaintiff's primary duty did not include the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

21.     Nonetheless, Defendants classified Plaintiff as exempt from earning overtime wages the entire time that he was employed by Defendants.

22.     Because Plaintiff was improperly classified as exempt, Defendants failed to pay him overtime wages, despite regularly working well in excess of 40 hours in given workweeks.

23.     In fact, Defendants directed Plaintiff to work, and he regularly did work, in excess of 40 hours in given workweeks, but Plaintiff was not compensated at one and one-half times his

5

regular rate for overtime wages earned. Defendants thus suffered and permitted Plaintiff to work more than 40 hours per week without overtime pay.

24.     Defendants required Plaintiff to be on 24-hour emergency standby seven days per week for from May 2010 to approximately December 2015. From approximately December 2015 to December 2016, Defendants required Plaintiff to be on 24-hour emergency standby for seven days during the third week of each month. From approximately December 2016 until his firing, Defendants required Plaintiff to be on 24-hour emergency standby every other week.

25.     Plaintiff was not compensated for time spent working while on call.

26.     The conduct alleged above reduced Defendants' labor and payroll costs.

27.     Plaintiff was subject to Defendants' employment policies and practices and was a victim of Defendants' scheme to deprive him of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiff in accordance with the requirements of the FLSA and IMWL, Plaintiff suffered lost wages and other damages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

28.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

29.     Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

30.     Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

31.     Throughout the relevant period, Plaintiff worked in excess of 40 hours per week, but was not paid an overtime premium of one and one-half times his regular hourly rate for those additional hours.

32.     Plaintiff was not subject to any exemption from the FLSA overtime requirements.

33.     Defendants' violations of the FLSA, as described herein, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

34.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

35.     Plaintiff has been harmed as a direct and proximate result of Defendants' unlawful conduct because he has been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

36.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

37.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

38.     Defendants are "employers" and Plaintiff is an "employee" under the IMWL, 820 ILCS 105/1, *et seq.*

39.     Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. The IMWL

requires that overtime be calculated by the employer on a "workweek" basis, meaning employees are entitled to an overtime premium of 1½ times their regular rate of pay for all time worked in excess of 40 hours in any given workweek. *Id*.

40.     Section 105/12 of the IMWL provides that employers who violate the provisions of this Act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

41.     Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiff for the actual overtime he worked each week.

42.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Evan Krause, by and through his attorneys, demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate him for the nature, extent, and duration of his damages, the costs of this action, and as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

    i.     Violated the overtime provisions of the FLSA by misclassifying Plaintiff as exempt from overtime compensation;

    ii.     Willfully violated provisions of the FLSA; and

    iii.     Violated the IMWL by failing to pay overtime wages to Plaintiff;

B.     Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA;

C.     Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

D.      Award pre-judgment interest on all compensatory damages due;

E.      Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

F.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

G.      Grant leave to amend to add claims under applicable state and federal laws;

H.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.      For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.


Date:   September 21, 2018                                    Respectfully Submitted,

                                                             */s/ Haley R. Jenkins*
                                                             Ryan F. Stephan
                                                             Haley R. Jenkins
                                                             **STEPHAN ZOURAS, LLP**
                                                             100 N. Riverside Plaza
                                                             Suite 2150
                                                             Chicago, Illinois 60606
                                                             312.233.1550
                                                             312.233.1560 *f*
                                                             rstephan@stephanzouras.com
                                                             hjenkins@stephanzouras.com

                                                             **ATTORNEYS FOR PLAINTIFF**

9

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on September 21, 2018, I electronically filed the

attached with the Clerk of the Court using the ECF system which will send such filing to all

attorneys of record.


_/s/ Haley R. Jenkins_